# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
December 19, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**THOMAS J. DICARLANTONIO,**
**Claimant Below, Petitioner**

**vs.)  No. 12-0694** (BOR Appeal Nos. 2046237, 2046429, 2046505)
(Claim No. 2004047489)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**WEIRTON STEEL CORPORATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Thomas J. Dicarlantonio, by Christopher J. Wallace, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Brandolyn Felton-Ernest, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated May 10, 2012, in which the Board affirmed August 8, 2011, September 22, 2011, and October 7, 2011, Orders of the Workers' Compensation Office of Judges. In its August 8, 2011, Order, the Office of Judges affirmed the claims administrator's March 31, 2011, decision which denied a request for a neurosurgical evaluation. In its September 22, 2011, Order, the Office of Judges affirmed the claims administrator's December 30, 2010, decision denying a request for a cervical EMG. In its October 7, 2011, Order, the Office of Judges affirmed the claims administrator's April 15, 2011, decision which denied a request to add displaced cervical disc to the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided

by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Dicarlantonio was injured on March 2, 2004, while he was working as a crew chief. He sustained a cervical sprain and a shoulder sprain while he was attempting to pull himself up about ninety-five inches in order to reach the top slab in a ten slab pile. The claim was held compensable on November 4, 2004. Mr. Dicarlantonio was treated with physical therapy and medication and was able to return to work.

In April of 2005, Dr. Mark A. Fye evaluated Mr. Dicarlantonio and diagnosed him with a C5-6 disc herniation. Dr. Robert Durning also noted a herniated disc when he evaluated Mr. Dicarlantonio on April 3, 2006. He also found, however, that Mr. Dicarlantonio suffered from degenerative changes and had reached maximum medical improvement for his compensable condition. Mr. Dicarlantonio was granted an 8% permanent partial disability award for his cervical sprain. He was evaluated by Dr. Victoria A. Langa in March of 2010. Dr. Langa also found that Mr. Dicarlantonio had reached maximum medical improvement for the compensable condition. It was Dr. Langa's opinion that Mr. Dicarlantonio's current complaints were the result of degenerative disc disease and were unrelated to the compensable injury of March 2, 2004.

Dr. Steven H. Masico, Mr. Dicarlantonio's family physician, requested that the claims administrator approve a cervical EMG to determine the extent of the herniation of the C5-6 disc. That request was denied on December 30, 2010. The Office of Judges, in its September 22, 2011, Order, affirmed the denial. The Office of Judges found that the evidentiary record indicated that the requested treatment was unrelated to the compensable cervical sprain. The Office of Judges relied on the medical reports of Drs. Langa and Durning. They both indicated that Mr. Dicarlantonio had reached maximum medical improvement, and that he suffered from age-related conditions that were unrelated to his compensable injury.

On March 31, 2011, Dr. Masico's request for a neurosurgical evaluation was also denied by the claims administrator. The Office of Judges affirmed this denial as well. The Office of Judges held that the condition causing the need for a neurosurgical evaluation was not compensable. It found that the evidentiary record indicated that Mr. Dicarlantonio already reached maximum medical improvement, and his current condition is the result of degenerative changes not caused by the compensable injury.

Dr. Masico also made a request to add displaced cervical disc to the claim. The claims administrator denied this request on April 15, 2011. The Office of Judges affirmed that decision in its October 7, 2011, Order. It held that there was not enough evidence in the record to support the addition of the condition. Dr. Masico recommended addition of the condition to the claim but failed to provide medical evidence to support his recommendation. Drs. Fye and Durning's reports finding that Mr. Dicarlantonio had a herniated disc were not considered to be time-relevant and failed to support the addition of the displaced cervical disc to the claim.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Orders on May 10, 2012. The Board of Review also acknowledged that Mr. Dicarlantonio was granted an 8% permanent partial disability award based on a report by Dr. Durning which included impairment for cervical herniated discs. However, the Board of Review found that the claims administrator's and Office of Judges' decisions denying the request to add the condition and authorize treatment were still proper, because the evidence of record did not establish that the cervical herniated disc resulted from the March 2, 2004, compensable injury.

This Court agrees with the reasoning and conclusions of the Board of Review. Mr. Dicarlantonio has been found, by two different doctors, to have reached maximum medical improvement. In addition, both Drs. Durning and Langa noted that Mr. Dicarlantonio suffers from degenerative changes. Dr. Langa's report stated that Mr. Dicarlantonio's current problems are unrelated to the compensable injury. This Court finds that the evidentiary record supports the decision of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  December 19, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman
Justice Menis E. Ketchum